**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**FAISAL ALI,**

        Petitioner,

    v.                        **CIVIL ACTION NO. 5:23-CV-240**
                                             Judge Bailey

**WARDEN R. BROWN,**

        Respondent.

## REPORT AND RECOMMENDATION

## I.    INTRODUCTION

On June 28, 2023, the *pro se* petitioner, Faisal Ali ("petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1].  On July 6, 2023, petitioner paid the $5 filing fee. [Doc. 4].  Petitioner is a federal inmate who is housed at FCI Gilmer in Glenville, West Virginia, and is challenging the calculation of his sentence and application of time credits.  This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A. For the reasons set forth below, the undersigned recommends that the petition be denied and dismissed without prejudice.

## II. BACKGROUND[1]

---

[1]  The information in this section is taken from the petitioner's criminal docket available on PACER.  *See United States v. Ali*, 1:21-CR-613-RMB-1 (S.D. NY. 2021).  *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); *Colonial Penn. Ins. Co. v. Coil*, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

**A.      Conviction and Sentence**

On October 7, 2021, a single count information was filed charging petitioner with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). Petitioner pleaded guilty, and on February 22, 2022, petitioner was sentenced to a term of forty-six months imprisonment.  According to the Bureau of Prison's ("BOP") website, petitioner's projected release date, via good conduct time, is May 24, 2024.

**B.      Petitioner's § 2241 Petitions Challenging First Step Act Credits**

Petitioner has filed three petitions pursuant to § 2241 in this district challenging the application of First Step Act ("FSA") credits.  First, on December 6, 2023, petitioner filed a petition alleging that the BOP was refusing to grant time credits due to an incorrectly classified Immigrations and Customs Enforcement ("ICE") detainer.  *Ali v. Roane*, Civ. A. No. 5:22-CV-297[2].  The undersigned entered a Report and Recommendation recommending that the case be dismissed without prejudice because petitioner had failed to exhaust administrative remedies prior to filing suit; the Report and Recommendation was adopted by Judge Bailey and the case was dismissed without prejudice.  *Id*., [Docs 7 & 10].  Second, on March 6, 2023, petitioner file another petition alleging that he was entitled to 365 mandated time credits and 180 days additional good time credits under the First Step Act and CARES Act.  *Ali v. Brown*, Civ. A. No. 5:23-CV-86.  Judge Bailey dismissed the case, finding that petitioner was presenting a claim that he was automatically entitled to such credits; however, Judge Bailey's order noted that even if petitioner alleged that he had earned such credits, such claim would require exhaustion.

---

[2] The petition referred to credits under the "CARES Act," however, because of the arguments presented and the attachments petitioner included, the undersigned found that petitioner was referring to credits under the First Step Act at 18 U.S.C. § 3632(d)(4).

Case 5:23-cv-00240-JPB   Document 6   Filed 07/27/23   Page 3 of 8   PageID #: 38

*Id.*, [Doc. 6].  Now, petitioner's instant petition again alleges that the BOP is refusing to implement the First Step Act and that he is being denied credits due to an ICE detainer that is being erroneously treated as a final order of removal.  Petitioner states that he has not presented this petition through the prison's internal grievance procedure, stating that "The time required to exhaust will result in injury through delay and further injury as it related to the unlawful detention of Mr. Ali Faisal."  [Doc. 1 at 7].  Petitioner further contends that the BOP is denying FSA time credits to all non-citizens with ICE detainers and thus exhaustion would be futile.  [Doc. 1-1 at 6].

### III.    LEGAL STANDARDS

#### A.  Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.  Pro Se Litigants

As a *pro se* litigant, the petitioner pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers."  ***Haines v. Kerner***, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which

set forth a claim cognizable in a federal district court. *See **Weller v. Dep't of Social Servs.**,* 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

## IV. ANALYSIS

This Court is without jurisdiction to adjudicate petitioner's claims because he failed to exhaust his administrative remedies. Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. Failure to exhaust may only be excused upon a showing of cause and prejudice." **McClung v. Shearin**, 90 F. App'x 444, 445 (4th Cir. 2004) (citing **Carmona v. United States Bureau of Prisons**, 243 F.3d 629, 634-35 (2d Cir.2001), **Little v. Hopkins**, 638 F.2d 953, 953-54 (6th Cir.1981)). Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures. **Booth v. Churner**, 532 U.S. 731, 741 (2001). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court. **Porter v. Nussle**, 534 U.S. 516, 524 (2002) (citing **Booth**, 532 U.S. at 741). "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" **Porter**, 534 U.S. at 524.

Although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, if the failure to exhaust is apparent from the face of the complaint, the Court has the authority under 28 U.S.C. § 1915 to dismiss the case sua sponte. **Custis v. Davis**, 851 F.3d 358, 361 (2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies.").

Pursuant to **McClung**, failure to exhaust may only be excused upon a showing of cause and prejudice.  As recognized in **Carmona**, *supra*, which was cited by the Fourth Circuit in its opinion in **McClung**:

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.
> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies.  When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

**Carmona**, 243 F.3d at 634 (internal citations omitted).

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8).   *See* 28 C.F.R. § 542.10, *et seq*. If the prisoner achieves no satisfaction informally, he must file a written complaint to the warden (BP-9), within 20 calendar days of the date of the occurrence on which the complaint is based.  If an inmate is not satisfied with the warden's response, he may appeal to the regional director of the BOP (BP-10) within 20 days of the warden's response. Finally, if the prisoner has received no satisfaction, he may appeal to the Office of General Counsel (BP-11) within 30 days of the date the Regional Director signed the response.  An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels.  28 C.F.R.§ 542.10-542.15; **Gibbs v. Bureau of Prison Office, FCI**, 986 F.Supp. 941, 943 (D.Md. 1997).

Here, petitioner has again not exhausted his administrative remedies prior to filing suit.  He contends that there is an exception to exhaustion for FSA time credits because his time in custody would be increased by the time it would take to exhaust.  "To any extent that Petitioner believes exhaustion of remedies in this matter is futile because his sentence will have ended before he could complete the remedy process, exhaustion is not waived simply because a habeas petitioner believes that the length of the administrative process would preclude him from receiving full relief."  ***Reese v. Heckard***, No. 5:22-CV-00033, 2022 WL 4100849, at *5 (S.D. W.Va. Aug. 5, 2022) (Eifert, M.J.), report and recommendation adopted, No. 5:22-CV-00033, 2022 WL 4100268 (S.D. W.Va. Sept. 7, 2022) (citations omitted).  Further, this argument is particularly unpersuasive here, where petitioner's claims have previously been dismissed for failure to exhaust. *See **Ali v. Roane***, Civ. A. No. 5:22-CV-297.  On January 5, 2023, this Court dismissed petitioner's initial petition for failure to exhaust.  Petitioner raised the same claims in the instant petition on January 28, 2023, nearly six months later, but without having presented his claims through the Bureau of Prisons' grievance procedure.  Petitioner can thus hardly claim that it is the Bureau of Prisons exhaustion procedures which are causing a delay in resolving his claims on the merits.

Further, exhaustion is not futile "[u]nless the agency is certain to rule adversely." ***Reeder v. Phillips***, No. CIV.A. 1:07CV138, 2008 WL 2434003, at *3 (N.D.W. Va. June 12, 2008) (Keeley, J.).  Although the BOP's policy statement regarding FSA time credits previously stated that inmates with detainers could not apply credits toward prerelease custody, the policy has since been amended.  *See* BOP Program Statement 5410.01. Petitioner has not shown that the BOP "is certain to rule adversely" and the undersigned does not find that exhaustion of administrative remedies would be futile.

Accordingly, petitioner's claims may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 95 (1998); *Reinbold v. Evers*, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**:  July 27, 2023.

*/s, James P. Mazzone*

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE